ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:10CR405 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| KENNETH COOPER, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter appears before the Court on a motion for reconsideration filed by Defendant Kenneth Cooper.  For the second time, Cooper seeks reconsideration of this Court's order disqualifying attorney James Willis.  The motion is DENIED.1

On November 16, 2010, this Court disqualified Willis based upon a potential conflict due to his representation of co-defendant Michael Young at the inception of this 24-defendant indictment.  In this second motion for reconsideration, counsel asserts that no potential conflict now exists.  Specifically, counsel contends that discovery has shown that Young could not possibly be a witness against Cooper.  Based upon that conclusion, counsel urges the Court to permit Willis to resume his representation.

The pending motion ignores several issues.  First, the Government's response indicates an additional conflict that the Court was not informed about by Cooper's motion.  Willis is currently representing Dorothy Brown, Cooper's mother, in the forfeiture aspect of this case.  In that

---

1 The Court notes that Cooper now has new counsel.  However, for a clear record, the Court still resolves this pending motion.

aspect, Willis filed a claim on Brown's behalf in the amount of $102,570 for currency that was seized from a safe. Cooper's other counsel, Myron Watson, filed a claim on Cooper's behalf for those same funds. As the funds clearly cannot be awarded to both Cooper and Brown, there certainly exists a very real potential for conflict between Willis representing Brown and Cooper simultaneously. Furthermore, even assuming that those interests are aligned, it is troubling to the Court that the motion for reconsideration did not identify this potential conflict.

The motion for reconsideration also did nothing to address the Court's previously-expressed concerns. As the Court indicated in its prior motion, Willis addressed the Court and informed the Court that he had discussed the idea of representing Cooper directly with Young. Young denied that this discussion ever took place. This Court declined to resolve that conflict. However, the Court also noted that Willis never informed the Court that he had met with Cooper on numerous occasions while his representation of Young was ongoing. Indeed, the motion for reconsideration only makes passing reference to these meetings and seeks to minimize their existence. Coupling this omission of highly relevant information with Willis' inability to give a time frame to his discussions with Young about the potential conflict can lead the Court to no other conclusion – Willis should not be permitted to return to this matter to represent Cooper. Serious questions remain about Willis' prior representations of Young and Cooper, and Young has never executed a conflict waiver, instead denying that he was ever even informed about a potential conflict. Accordingly, the second motion for reconsideration is DENIED.

IT IS SO ORDERED.

April 5, 2011 _____     /s/ John R. Adams_____
Dated                                    JUDGE JOHN R. ADAMS
                                             United States District Judge